# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **DOROTHY DIXON** | ) | **CASE NO: 3:14-cv-98** |
| 126 West 5th Street, Apt. 714 | ) | |
| Dayton, OH  45402 | ) | **JUDGE** _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GC SERVICES LIMITED** | ) | **JURY TRIAL DEMANDED** |
| **PARTNERSHIP** | ) | |
| c/o CT Corporation System | ) | |
| 1300 East Ninth Street | ) | |
| Cleveland, OH 44114 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COMES PLAINTIFF, **DOROTHY DIXON,** by and through the undersigned counsel, and for her complaint against Defendant, **GC SERVICES LIMITED PARTNERSHIP,** alleges and states as follows:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff, Dorothy Dixon, a consumer, against GC Services Limited Partnership ("GCS"), for violations of the Fair

Debt Collection Practices Act, 15 U.S.C. §1692 et seq., (the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and which creates a private right of action to redress violations thereof.

2. It is also for corollary claims under Ohio's Consumer Sales Practices Act, R.C. §1345 *et seq.* ("CSPA").

## VENUE AND JURISDICTION

3. The action arises under 15 U.S.C. §1692, a federal statute, and thus this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that Defendant transacts business in this District and the cause of action asserted herein arose in this District.

## PARTIES

5. Dorothy Dixon is, and was at all relevant times herein, a resident of Dayton, Ohio.

6. Dorothy Dixon is a "consumer" as that term is defined under the FDCPA 15 U.S.C. §1692a(3) and the CSPA.

7. GCS is a foreign corporate entity, which is registered to do business in Ohio, attempting to collect debts or otherwise obtain funds from Ohio consumers.

8. GCS is a "debt collector" as that term is defined in 15 U.S.C. §1692a(6) and a "supplier" under the CSPA.

9. On knowledge and belief, GCS acquired some type of debt, or was acting as an agent for the owner of a debt, allegedly incurred by Ms. Dixon (the "Account").

10. As described herein, Defendant, either directly or through an authorized agent, attempted to collect on this alleged debt. GCS and its agents are referred to herein collectively as the "Defendant."

## FACTS.

11. Defendant began calling Ms. Dixon in January 2014 to collect on the Account.

12. On or about January 17, 2014, Defendant contacted a third party about Ms. Dixon's alleged debt, namely her sister.

13. Although Ms. Dixon's sister informed the caller that she was not Ms. Dixon, Defendants proceeds to discuss details of the Account and Defendants' collection efforts with her.

14. On or about January 18, 2014, Ms. Dixon called the Defendant to inquire about its call to her sister.

15. When Ms. Dixon asked why Defendants discussed her personal and private information with her sister, Defendants falsely stated that "She said she was Dorothy Dixon."

16. In response, Ms. Dixon queried, "If you were speaking to Dorothy at the time, why did you ask for a phone number to reach her?"

17. Defendants ignored the question and hung up on Ms. Dixon.

18. Defendant's conduct caused Ms. Dixon embarrassment, humiliation, stress, anxiety, and other emotional injury to be proven at trial

19. In connection with the facts, events, and averments herein, Defendant acted willfully and maliciously, with spite and ill will, and/or with reckless disregard for Plaintiff's rights and safety.

## **FIRST CLAIM FOR RELIEF**
(FDCPA Violations)

20. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

21. Defendant violated §1692c(b) by contacting a third party about Plaintiff's debt.

22. Defendant violated 15 U.S.C. §1692d generally by engaging in the conduct described herein and other conduct to be proven at trial, which had the natural consequence to "harass, oppress, or abuse" Plaintiff in connection with the collection of an alleged debt.

23. Defendant violated 15 U.S.C. §1692e generally by engaging in the conduct described herein and other conduct to be proven at trial, which was false, deceptive and/or misleading.

24. Defendant violated 15 U.S.C. §1692e(10) by using deceptive means to collect a debt as described herein.

25. Defendant violated the FDCPA in other ways as described herein and to be proven at trial.

26. Under the FDCPA, Ms. Dixon is entitled to recover statutory damages, actual damages, attorney fees, and costs for the violations described herein.

## **SECOND CLAIM FOR RELIEF**
(CSPA Violations)

27. Plaintiff re-alleges and incorporates by reference each and every preceding paragraph as if fully re-written herein.

28. As described herein and to be proven at trial, Defendant engaged in unfair and deceptive acts in violation of R.C. §1345.02 *et seq*.

29. As described herein and to be proven at trial, Defendant engaged in unfair and unconscionable acts in violation of R.C. §1345.03 *et seq*.

30. Specifically, as described above, Defendant engaged in conduct which violates the FDCPA.

31. By violating the FDCPA, defendant has violated the CSPA.

32. Each of Defendant's violations of the FDCPA is a separate violation of the CSPA.

33. The Public Inspection File of the Ohio Attorney General contains opinions declaring these practices unlawful.

34. Under the CSPA, Defendant is liable to Plaintiff for treble actual damages or $200 per violation, up to $5,000 for emotional and other noneconomic damages, plus costs and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays as follows:

A. That this Court award to Plaintiff statutory damages of $1,000 from Defendant herein for their various violations of the FDCPA.

B. That this Court award to Plaintiff the greater or treble actual damages or statutory damages of $200 for each violation of the CSPA.

C. That this Court award to the Plaintiff $5,000 for noneconomic damages pursuant to R.C. 1345.09(B).

D. That this Court award to the Plaintiff actual damages in an amount to be proven at trial, including for emotional distress, annoyance, aggravation, loss of reputation, embarrassment, damage to credit, depression, anxiety, sleep deprivation, loss of appetite, and associated physical ailments.

E. That this Court award attorney's fees, costs, and interest to Plaintiff pursuant to the FDCPA, CSPA, and other applicable law.

F.  That this Honorable Court awards to Plaintiff such other and further relief as may be just and equitable.

          Respectfully submitted,

          s/ Michael L. Fine_____
          Michael L. Fine (0077131)
          3637 South Green Road, 2nd Floor
          Beachwood, OH  44122
          Phone & fax:  (216) 292-8884
          mfine@ohioconsumerlawyer.com

## JURY DEMAND

Plaintiff hereby requests a trial by jury as to all issues of fact in this action.

          s/ Michael L. Fine_____
          Michael L. Fine (0077131)
          3637 South Green Road, 2nd Floor
          Beachwood, OH  44122
          Phone & fax:  (216) 292-8884
          mfine@ohioconsumerlawyer.com